LITTLE
ROCK,
Jan'y 1837.

HUDSPETH
vs.
THE STATE

HUDSPETH *against* THE STATE.

ERROR *to the City Court of Little Rock.*

If the parties named in the record sent up here, are not the same as those named in the writ of error, the proceedings are irregular, and the case will be dismissed.

A motion was made by the Attorney for the State to dismiss this case, on the ground set forth in the opinion.

HALL and TAYLOR, *contra.*

RINGO, *Ch. J.*, delivered the opinion of the Court:    A motion to dismiss this case having been made by the prosecuting Attorney for the State, and argued by counsel, we have examined the papers in the case and find a writ of error issued to the City Court of the city of Little Rock, to remove into this Court the record and proceedings in a certain indictment in said City Court for keeping a gaming house, wherein *the City of Little Rock* was plaintiff and *Charles M. Hudspeth* was defendant, returned with said writ of error, and annexed thereto is a transcript of the record and proceedings on an indictment in said City Court, for keeping a gaming house, prosecuted in the name of *the United States of America* vs. *Charles M. Hudspeth;* also a summons to hear errors in the usual form, addressed to the constable of the city of Little Rock, commanding him to summon ALBERT PIKE, *Solicitor for said City,* to appear to answer a writ of error issued to the City Court of Little Rock in a certain indictment in said court, in behalf of *the City of Little Rock* against *Charles M. Hudspeth.*

, The parties to the record returned with the writ of error appear to be defendant from those to the record and proceedings required by the writ of error to be removed to this Court, and there is no record between the parties named in the writ of error returned therewith into this Court.  The proceedings are therefore wholly irregular, and no case is thereby brought into this Court of which the Court can take cognizance.    It is therefore deemed unnecessary at present to declare the effect of a failure to give the defendant in error notice, as required by law, or to whom the same ought to be given, if any. The writ of error must be dismissed.

It is therefore considered by the Court here that the State of Arkansas have and recover of the plaintiff in error all the costs in this suit expended.